.

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

**v.**                        **No. 4:20-cr-102-DPM-10**

**ANTWON LAMON NICHOLS**                               **DEFENDANT**

**ORDER**

On 27 January 2020, law enforcement officers were conducting surveillance on room 168 of the Days Inn on Fair Park Boulevard in Little Rock.  They had seen a white Cadillac CTS sedan parked in front of the room, which they recognized from a previous drug investigation. Hotel management told the officers that Antwon Nichols was staying in the room and that it was rented in his name.  The officers knew Nichols was a parole absconder with active arrest warrants and a search waiver on file.  They also may have been looking for Sara Carlton, Nichols's romantic partner.

The officers saw Nichols and Christopher Williams exit room 168. They stopped both and patted them down.  They discovered a pistol and drugs on Williams, and approximately $3,000 on Nichols. Williams, who admitted to being on parole, told the officers that there was "a lot more" in room 168.  He also pointed them to an outdoor trash can, where they discovered another pistol and more drugs.

The officers knocked on the door to room 168 and Carlton answered. They entered the room and saw drug paraphernalia. Detective Mark Ison stopped the search so that he could apply for a warrant. After the Pulaski County District Court issued a warrant, the officers found more drugs, another gun, and drug paraphernalia. After a drug dog alerted on a Suburban parked in front of room 168, they also found Nichols's ID and a suspected drug substance.

Nichols moves to suppress the evidence discovered at the Days Inn and in the Suburban. There is no need for a hearing. *United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013).

- **The Trash Can**. Nichols did not have a reasonable expectation of privacy in an outdoor trash can at a motel. The gun and drugs discovered inside will not be suppressed. *United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012).

- **Room 168.** As a probationer, Nichols agreed to allow any certified law enforcement officer to conduct a warrantless search of his "place of residence" at any time, whenever requested. *Doc. 239-2*. The deep question is whether the law enforcement officers reasonably suspected that room 168 was Nichols's residence that day. *See Doc. 45 at 1* in *United States v. Thabit*, 4:19-cr-677-DPM. They did. The officers knew that the room was occupied under Nichols's name, hotel management told them that Nichols was staying there, and they saw him leaving the room before conducting the search. That's enough to establish probable cause, a higher threshold than reasonable suspicion. *United States v. Franklin*, 603 F.3d 652, 655-57 (9th Cir. 2010). The motel room searches did not violate Nichols's constitutional rights.

-2-

- **The Suburban**.   It's unclear if Nichols claims that the Suburban was his car.  If it was, the search was permissible under his search waiver.  *Doc. 239-2*; *Samson v. California*, 547 U.S. 843, 857 (2006).  If it wasn't, Nichols hasn't shown that he had a reasonable expectation of privacy in the car.  *United States v. Bettis*, 946 F.3d 1024, 1027 (8th Cir. 2020).  And regardless, the automobile exception applies because a trained dog alerted on the car before the search.  *United States v. Claude X*, 648 F.3d 599, 602-03 (8th Cir. 2011).

For these reasons, Nichols's motion to suppress, *Doc. 228*, is denied.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

*17 November 2022*

-3-